**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 26-2749

GAIA GARDENS, LLC; R & J LAND CARE, LLC; BOB FREDETTE, DBA FREDETTE LANDSCAPING; and RICCARDO MANCUSO

*Plaintiffs-Appellants,*

v.

TOWNSHIP OF MONTCLAIR

*Defendant-Appellee.*

(On Appeal from the U.S. District Court for the District of New Jersey, No. 2-23-cv-20733, Honorable Julien X. Neals, U.S.D.J.)

---

# DEFENDANT-APPELLEE'S MOTION TO STRIKE

---

**Riker Danzig LLP**
Derrick R. Freijomil, Esq.
7 Giralda Farms
Suite 250
Madison, New Jersey 07940
Tel.: (973) 451-8580
Email: dfreijomil@riker.com
*Attorneys for Defendant/Appellee*

# TABLE OF CONTENTS

INTRODUCTION....................1

RELEVANT FACTUAL/PROCEDURAL HISTORY....................3

ANALYSIS....................6

*I. Portions of the Appendix Should be Stricken* ....................6

*A. Plaintiffs' Cross-Motion for Summary Judgment Is Not Part of the Record on Appeal* ....................8

*B. Other Items That Do Not Belong In The Appendix*....................11

*II. Argument Section II of Plaintiffs' Appellate Brief Should be Stricken*....................13

CONCLUSION ....................15

# Table of Authorities

**Cases** **Page(s)**

Farina v. Nokia, Inc.,
625 F.3d 97, 116 (3d Cir. 2010) ....................................4

Hart v. Elec. Arts, Inc.,
740 F. Supp. 2d 658 (D.N.J. 2010) ....................................8

Kendall v. EQT AMD LLC,
2021 U.S. Dist. LEXIS 237201 (M.D. Pa. Dec. 10, 2021) ....................................14

Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,
836 F.2d 173 (3d Cir. 1988) .................................... 8-9

**Statutes**

28 U.S.C. § 1291 ....................................14

**Rules**

3d Cir. L.A.R. 30.3(a) ....................................7, 10, 11

Fed. R. App. P. 3(c)(1)(B) ....................................6, 9

Fed. R. App. P. 10 ....................................6

Fed. R. Civ. P. 12(b)(6) ....................................2, 15

Fed. R. App. P. 27 ....................................1

Fed. R. App. P. 30(a)(2) ....................................7, 10, 11

Fed. R. Civ. P. 56 ....................................14

To: Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Michael Goodstein
VAN NESS FELDMAN, LLP
2000 Pennsylvania Avenue, NW, Suite 6000
Washington, DC 20006
*Attorneys for Plaintiffs-Appellants*

Charlene Koski, Pro Hac Vice
VAN NESS FELDMAN, LLP
1191 Second Avenue, Suite 1800
Seattle, WA 98101
*Attorneys for Plaintiffs-Appellants*

## INTRODUCTION

Pursuant to Fed. R. App. P. 27, application is hereby made by Defendant-Appellee Township of Montclair ("Montclair") to strike the portions of the so-called "Joint Appendix"[1] (the "Appendix") and Opening Brief ("Plaintiffs' Appellate Brief") filed by Plaintiff-Appellants Gaia Gardens, LLC; R & J Land Care, LLC; Bob Fredette, d/b/a Fredette Landscaping; and Riccardo Mancuso (collectively, "Plaintiffs") that were not part of the record before the District Court.

[1] Notwithstanding Appellants' use of the term "Joint Appendix," Montclair did not consent to all of its contents and has maintained its objections to the improper inclusions addressed herein.

This appeal is only of the District Court's June 16, 2026 order granting Montclair's pre-answer Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"). See Appendix at JA1 (Plaintiff's Notice of Appeal). This motion seeks to strike documents filed by Plaintiffs that concern a different motion that is not on appeal, as well as portions of Plaintiff's Motion to Dismiss brief below that is not appropriate in the Appendix and a discovery scheduling order that is not being appealed and also is completely irrelevant to the Motion to Dismiss.

The record on appeal should mirror the record considered by the District Court on the Motion to Dismiss. To the contrary, the Appendix submitted by Plaintiffs includes multiple items that were neither cited by the parties, nor considered by the District Court in connection with the Motion to Dismiss. These items largely consist of filings by Plaintiffs in support of their failed attempt to file a cross-motion for summary judgment to the pre-answer Motion to Dismiss, which the District Court swiftly (and separately) denied as improper and premature. That decision was not appealed. In connection therewith, the District Court instructed Plaintiffs to submit a proper opposition to Montclair's Motion to Dismiss, which Plaintiffs then did and which opposition (not the cross-motion for summary judgment) was considered in granting the Motion to Dismiss. For the reasons set forth herein, all these items should be stricken from the Appendix. Additionally,

Argument Section II of Plaintiffs' Appellate Brief should be stricken because it merely seeks to reassert the failed cross-motion for summary judgment that was not considered on the Motion to Dismiss and because the order precluding the summary judgment cross-motion is not on appeal.

Lastly, Montclair also hereby requests the postponement of the date by which Montclair's Brief must be filed (currently October 8, 2026) pending a decision on this motion. This motion, if granted, affects the arguments in Plaintiffs' Appellate Brief to which Montclair must respond and/or the record to which the parties may cite in their briefs. Consequently, the issues to be addressed in Montclair's brief are uncertain until the issues addressed herein are resolved.

## RELEVANT FACTUAL/PROCEDURAL HISTORY

On September 28, 2023, Plaintiffs, along with fourteen other landscaping businesses and Montclair residents, filed a complaint (the "Original Complaint") alleging that two Montclair Ordinances that prohibit the use of gas-powered leaf blowers, among other things, violate the Equal Protection Clauses and the Takings Clauses of the U.S. and New Jersey Constitutions, the Supremacy Clause of the U.S. Constitution, and the New Jersey Civil Rights Act. See JA39-84. Plaintiffs initiated this action via a Motion for Preliminary Injunction by Order to Show Cause (the "OTSC"), seeking to enjoin Montclair from enforcing the Ordinances. See JA28 (Docket Entry #2).

On October 14, 2023, the District Court denied Plaintiffs' OTSC (see JA121-143), finding, among other things, that "the Ordinances address matters of health and safety, 'which have traditionally fallen within the province of state regulation'" and, as such, "the Ordinances are entitled to a 'presumption against preemption.'" JA139 (citing Farina v. Nokia, Inc., 625 F.3d 97, 116 (3d Cir. 2010)). The District Court further found that "the evidence presented [by Plaintiffs] does not overcome a presumption of validity sufficient to demonstrate a likelihood of success on the merits of their Supremacy Clause claim." The Third Circuit affirmed the District Court's denial of Plaintiff's request for an OTSC. See JA144-145.

On August 20, 2025, Plaintiffs filed the Amended Complaint, dismissing all but the four remaining Plaintiffs and dismissing all but their Preemption claim. See JA155-180. On October 13, 2025, Montclair filed a pre-answer Motion to Dismiss. See JA34 (Docket Entry #61). On November 17, 2025, Plaintiffs filed a purported cross-motion for summary judgment (the "Cross-Motion for Summary Judgment"), along with six declarations (one by each of the four Plaintiffs, and two by Plaintiffs' counsel) in support of their Cross-Motion for Summary Judgment. See JA35 (Docket Entry #72). Immediately following Plaintiffs' filing of their Cross-Motion for Summary Judgment, Montclair submitted a letter to the District Court Judge (JA265-268) outlining the multiple reasons why the Cross-Motion for Summary Judgment was improper.

On November 21, 2025 (four days after Plaintiffs' filed the Cross-Motion for Summary Judgment), the District Court issued a Text Order: (1) denying the Cross-Motion for Summary Judgment as premature, stating "Plaintiffs' attempt to [file a summary judgment motion], before Montclair has even answered and had any opportunity for discovery, is procedurally improper[,]" and violative of the Court's Judicial Preferences, which expressly required leave to be obtained before filing a motion for summary judgment; and (2) instructing Plaintiffs to submit a proper opposition to the Motion to Dismiss by December 1, 2025. See JA36 (Docket Entry #77). Notably, the District Court's November 21, 2025 order denying Plaintiffs' improper Cross-Motion was not timely appealed. See JA1-2 (Plaintiffs' Notice of Appeal).

On December 1, 2025, Plaintiffs filed a Brief in Opposition to the Motion to Dismiss (Plaintiff's "Opposition Brief"). See JA36 (Docket Entry #79). Plaintiffs' Opposition Brief did not contain any argument in support of Summary Judgment, nor did it reference any of the declarations Plaintiffs filed in support of their denied Cross-Motion for Summary Judgment. Id. On December 15, 2025, Montclair filed a Reply Brief to Plaintiffs' Opposition Brief. See JA36 (Docket Entry #81).

On June 16, 2026, the District Court issued an order granting Montclair's Motion to Dismiss (the "Dismissal Order") (JA4-5). Not surprisingly, the Dismissal Order does not include any determination related to Plaintiffs'

previously-denied Cross-Motion for Summary Judgment or contain any reference to Plaintiffs' declarations in support of their Cross-Motion for Summary Judgment. Id. Likewise, the District Court's June 16, 2026 Opinion on the Motion to Dismiss (JA6-JA23) contains no reference to Plaintiffs' declarations and only references that Plaintiffs improperly tried to file Cross-Motion for Summary Judgment in a footnote for procedural history purposes, but in no way substantively considers or addresses anything in their Cross-Motion for Summary Judgment. See JA10 at n.6.

On July 13, 2026, Plaintiffs filed the Notice of Appeal seeking review **only** of the District Court's June 16, 2026 Dismissal Order. See JA1-2 (Plaintiffs' Notice of Appeal). Importantly, Plaintiffs failed to timely appeal any other order, including the District Court's November 21, 2025 order denying Plaintiffs' improper Cross-Motion for Summary Judgment or the Magistrate Judge's discovery scheduling order. See id.

## ANALYSIS

### *I. Portions of the Appendix Should be Stricken*

Pursuant to Fed. R. App. P. 3(c)(1)(B), "[t]he notice of appeal must:…designate the judgment, order, or part thereof being appealed." Pursuant to Fed. R. App. P. 10, "The following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the

district clerk." It is well-established that excerpts from memorandum of law submitted in the district court should not be part of the appendix absent special circumstances. See Fed. R. App. P. 30(a)(2) ("Excluded Material. Memoranda of law in the district court should not be included in the appendix unless they have independent relevance."); see also 3d Cir. L.A.R. 30.3(a) ("portions of the district court briefs may be included in the appendix only if necessary to show whether an issue was raised or an argument was made in the district court or in the proceeding being reviewed."). The following items in the Appendix violate the foregoing rules and should be stricken:

- Plaintiffs' Brief in Support of Plaintiffs' Cross-Motion for Summary Judgment (excerpts) (JA244-256);
- Four of Plaintiffs' Declarations in Support of their Cross-Motion for Summary Judgment:
    - Declaration of Daria Paxton in Support of Plaintiffs' Cross-Motion for Summary Judgment (JA257-258);
    - Declaration of Bob Fredette in Support of Plaintiffs' Cross-Motion for Summary Judgment (JA259-260);
    - Declaration of Jeffrey Baker in Support of Plaintiffs' Cross-Motion for Summary Judgment (JA261-262);
    - Declaration of Riccardo Mancuso in Support of Plaintiffs' Cross-Motion for Summary Judgment (JA263-264);
- Montclair's Letter to the Court concerning the Cross-Motion for Summary Judgment (JA265-268);

- Plaintiffs' Letter to the Court concerning the Cross-Motion for Summary Judgment (JA269-270);

- Montclair's second Letter to the Court concerning the Cross-Motion for Summary Judgment (JA271-272);

- Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss (excerpts) (JA273-284); and

- Discovery Scheduling Order (Feb. 11, 2026) (JA285-286).

### A. *Plaintiffs' Cross-Motion for Summary Judgment Is Not Part of the Record on Appeal*

On this appeal of only the Motion to Dismiss, Plaintiffs improperly seek to include various documents from their Cross-Motion for Summary Judgment in the Appendix (JA244-272). Specifically, these are: (1) Plaintiffs' Brief in Support of their Cross-Motion for Summary Judgment, (2) Plaintiffs' declarations in support of their Cross-Motion for Summary Judgment, and (3) the parties' letters to the District Court regarding Plaintiffs' Cross-Motion. All of these should be stricken from the Appendix for several reasons.

First, Plaintiffs did not cite or reference any of these documents in their Opposition to the Motion to Dismiss; nor could they have cited such documents. See Hart v. Elec. Arts, Inc., 740 F. Supp. 2d 658, 663 (D.N.J. 2010) ("a party may not amend [its] pleadings by making factual assertions in a brief. Nor may [it] amend [its] complaint through a declaration or certification.") (internal citations omitted). See also Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d

Cir. 1988) ("[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal citation omitted)).

Second, the District Court correctly refused to consider Plaintiffs' improper Cross-Motion as part of the record on Montclair's Motion to Dismiss. The District Court dispensed with Plaintiffs' Cross-Motion as quickly as it was filed for being improper and premature, and ordered Plaintiffs to file a proper opposition to the Motion to Dismiss, which Plaintiffs then did. Montclair's Reply in support of the Motion to Dismiss was filed in response to Plaintiffs' Opposition and did not include any mention of Plaintiff's Cross-Motion or its supporting declarations. The District Court correctly recognized Plaintiffs' improper Cross-Motion for Summary Judgment and declarations as a blatant attempt to avoid discovery and/or improperly supplement the allegations in the Amended Complaint, and refused to accept it as part of the record on the <u>pre-answer</u> Motion to Dismiss. The order denying the Cross-Motion as premature and improper was not appealed, and Plaintiffs' filings in support of the same correctly were not part of the Motion to Dismiss, which is the only matter on this appeal. The scope of the appellate court's review is limited to the District Court's order granting the Motion to Dismiss. <u>See</u> Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must:…designate the judgment, order, or part thereof being appealed.") Consequently, the record on appeal is clear and limited to what was before the District Court on the Motion to Dismiss, which

did not include anything from Plaintiffs' failed Cross-Motion for Summary Judgment.

Third, Plaintiffs' Brief in Support of their Cross-Motion for Summary Judgment (JA244-256), as well as the parties' letters to the District Court regarding Plaintiffs' Cross-Motion (JA265-268), should also be stricken on the basis that excerpts from memorandum of law submitted in the District Court should not be part of the appendix absent special circumstances. See Fed. R. App. P. 30(a)(2); 3d Cir. L.A.R. 30.3(a). No such special circumstances exists here.

Lastly, policy reasons further warrant striking from the Appendix on appeal documents concerning Plaintiffs' improper Cross-Motion. Were this Court to consider as part of the appellate record on the Motion to Dismiss such materials from a separately-denied Cross-Motion that was not appealed and not part of the Motion to Dismiss (and it should not), then it would only encourage litigants to file any number of improper "cross-motions" to broaden the scope of issues and documents to include in an appendix on appeal. There is no sound basis to do so.

Based on the foregoing, the brief and four declarations that Plaintiffs filed in Support of their improper, separately-denied Cross-Motion for Summary Judgment, as well as the parties letters to the District Court Judge regarding the Cross-Motion (collectively, JA244-272), should be stricken from the Appendix.

### *B. Other Items That Do Not Belong In The Appendix*

The ten-page excerpt of Plaintiffs' Opposition Brief to the Motion to Dismiss (JA273-284) should also be stricken from the Appendix. As previously noted, such memoranda of law are not permitted in the appendix, save specific and limited exceptions not applicable here. See Fed. R. App. P. 30(a)(2)); 3d Cir. L.A.R. 30.3(a). Indeed, excerpts from Plaintiff's Opposition Brief (JA273-284) serve no valid appellate purpose, nor hold any independent relevance. Plaintiffs cite JA274-283 for the sole purpose of providing the following statement in the procedural background section of Plaintiffs' Appellate Brief: "On December 1, 2025, Gaia Gardens filed its opposition brief, which in substance was nearly identical to its cross-motion for summary judgment, including the argument that, through the Consolidated Appropriations Act of 2004, Congress expressly expanded the scope of federal preemption for small nonroad engines. JA274–84[.]" Plaintiffs' Appellate Brief at 10-11. The matter of Plaintiffs' improper and separately denied Cross-Motion for Summary Judgment is irrelevant to the merits of the Motion to Dismiss, the only issue on appeal. Thus, no special circumstances exist to satisfy the limited exception to otherwise precluding including in the Appendix briefs from the Motion to Dismiss below.

Similarly, Plaintiffs cite JA283-284 for the sole purpose of stating "Although it had been briefed, JA283–84, the court made no mention of Congress's express

preemption of local 'standards or other requirements applicable to spark ignition engines smaller than 50 horsepower.'" This statement is blatantly false. The District Court did indeed address Plaintiffs' misguided argument by, among other things, determining that Ordinances are not a "standard or other requirement" (see JA19-22). Nothing is precluding Plaintiffs from seeking to reassert this argument on appeal, and there is no need to include any portion of the brief below to do so. Accordingly, no exception to the rule against including excerpts from Plaintiffs' Opposition Brief in the Appendix exists here.

Lastly, Plaintiffs improperly include in the Appendix the Magistrate Judge's February 11, 2026 Scheduling Order (JA285-286), which should also be stricken. This Scheduling Order was not issued until **after** the Motion to Dismiss was fully-briefed. Not surprisingly, this Scheduling Order was not cited or relied upon by any party in connection with Montclair's Motion to Dismiss, as it not only was not before the District Court on the Motion to Dismiss, but it also has no relevance to the Motion to Dismiss. Further, this Scheduling Order is not being appealed (see Notice of Appeal, JA1-2), nor could it since the action was dismissed without regard to the Scheduling Order. Plaintiffs' only cite to this Scheduling Order is for the following statement in the procedural background section of their Appellate Brief: "During the six months it took for the district court to issue its decision, Montclair propounded discovery, purportedly on the question of standing. See

JA285 (ordering initial discovery on topics of standing, injuries, and factual allegations in pleadings).” Plaintiffs’ Appellate Brief at 11. Neither Plaintiffs’ foregoing statement, nor the Magistrate Judge’s February 11, 2026 Scheduling Order (JA285-286), has anything to do with the District Court’s granting of Montclair’s Motion to Dismiss, the **only** matter on appeal.

### *II. Argument Section II of Plaintiffs’ Appellate Brief Should Be Stricken*

Argument Section II of Plaintiffs’ Appellate Brief (titled, “This Court should remand with instructions to invalidate the preempted parts of the Ordinance and enter judgment in favor of plaintiffs”) should also be stricken for several reasons.

First, Section II of Plaintiffs’ Appellate Brief is dedicated almost entirely to arguing that there is no question of fact concerning Plaintiffs’ alleged Article III standing—an issue neither raised nor considered on Montclair’s Motion to Dismiss. In doing so, Plaintiffs cite their declarations, which, as explained above, were not part of the permitting papers filed on the Motion to Dismiss. As such, they are not part of the Order being appealed and thereby outside the scope of any briefing on appeal.

Second, Section II of Plaintiffs’ Appellate Brief is nothing more than yet another improper attempt by Plaintiffs to do an end-run around discovery and go straight to judgment. See Plaintiffs’ Appellate Brief at 50 (“If this Court agrees the Ordinance is preempted, Gaia Gardens respectfully asks it to … instruct the district

court to enter judgment in plaintiffs' favor based on evidence already in the record."). The District Court rejected this blatantly improper tactic by denying Plaintiffs' Cross-Motion, and for good reason. See JA36 (Docket Entry #77) ("Plaintiffs' attempt to [file a summary judgment motion], before Montclair has even answered and had any opportunity for discovery, is procedurally improper."). Thus, Plaintiffs improperly seek to ask this Appellate Court to take original jurisdiction over something not decided below and on a record that was never developed and that is not properly before it. See 28 U.S.C. § 1291 (generally limiting the courts of appeals jurisdiction to appeals from final decision of the district courts).

In sum, not only is Section II of Plaintiffs' Appellate Brief, as well as the documents on which it relies, completely outside the record on and scope of this appeal, but the relief sought therein could never be granted at this juncture of the case. See Fed. R. Civ. P. 56, Notes of Advisory Committee On 2009 Amendments ("If a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due."); Kendall v. EQT AMD LLC, 2021 U.S. Dist. LEXIS 237201, *3 (M.D. Pa. Dec. 10, 2021) (finding premature and denying plaintiffs' summary judgment motion filed while defendants' motion to dismiss

was pending until at least after motion to dismiss was decided and any claims remained).

## **CONCLUSION**

The sole subject of this appeal is the District Court's June 16, 2026 order granting Montclair's pre-answer Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth above, Montclair respectfully requests that the portions of the Appendix and Plaintiffs' Appellate Brief that were not part of the record before the District Court on the Motion to Dismiss be stricken on this appeal.

Respectfully submitted,

**Riker Danzig LLP**
*Attorneys for Defendant/Appellee*

Dated: October 2, 2026

By: *<u>/s/ Derrick R. Freijomil</u>*
Derrick R. Freijomil, Esq.

## **CERTIFICATION OF SERVICE**

I hereby certify that on October 2, 2026, I electronically filed the within Motion with the Clerk of the United States Court of Appeals for the Third Circuit, and that Plaintiffs/Appellants' counsel will receive a copy of these documents via CM/ECF.

I declare under penalty of perjury that the foregoing is true and correct.

**Riker Danzig LLP**
*Attorneys for Defendant/Appellee*

By: *Derrick R. Freijomil* (/s/)
Derrick R. Freijomil, Esq.

Dated: October 2, 2026

4924-4172-3090, v. 5