**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 26-2749

GAIA GARDENS, LLC; R & J LAND CARE, LLC; BOB FREDETTE, DBA FREDETTE LANDSCAPING; and RICCARDO MANCUSO

*Plaintiffs-Appellants,*

v.

TOWNSHIP OF MONTCLAIR

*Defendant-Appellee.*

(On Appeal from the U.S. District Court for the District of New Jersey, No. 2-23-cv-20733, Honorable Julien X. Neals, U.S.D.J.)

---

# DEFENDANT-APPELLEE'S REPLY IN SUPPORT OF MOTION TO STRIKE

---

**Riker Danzig LLP**
Derrick R. Freijomil, Esq.
7 Giralda Farms
Suite 250
Madison, New Jersey 07940
Tel.: (973) 451-8580
Email: dfreijomil@riker.com
*Attorneys for Defendant/Appellee*

## TABLE OF CONTENTS

I. Montclair's Legal Basis For This Motion......................................................1
II. Portions of the Appendix Should be Stricken ................................................3
III. Plaintiffs' Appellate Brief, Argument Section II Should be Stricken.............8
IV. Plaintiffs Cite and Rely on An Amicus Brief That is Also Not in the Record..........................................................................................................10

Plaintiffs-Appellants' Response to Montclair's motion ("Plaintiffs' Response") fails to provide any justification for Plaintiffs' blatantly improper portions of their Appendix and Appellate Brief. Plaintiffs' Response fails to acknowledge the two core bases of Montclair's motion: (1) the scope of this appeal, as defined and limited by Plaintiff's Notice of Appeal, which is only of the District Court's granting of Montclair's pre-answer Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (see JA1 identifying only District Court's June 16, 2026 Dismissal Order); and (2) were this Court to regard Plaintiffs' improper Cross-Motion for Summary Judgment in the District Court below as part of the record for Montclair's pre-answer Motion to Dismiss, it would automatically and baselessly change the nature and legal standard of the decision on appeal, when the same was not considered by the District Court in rendering that decision. Plaintiffs' Response otherwise comprises a series of inapposite arguments, with each addressed below.

## ***I. Montclair's Legal Basis for This Motion***

First, Plaintiffs' claim that there is no legal basis for this motion is obviously false. Fed. R. App. P. 10(e) grants the Third Circuit exclusive jurisdiction to resolve issues like this. See Fed. R. App. P 10(e) ("…questions as to the form and content of the record must be presented to the court of appeals.").

Moreover, this motion seeks to strike primarily those portions of Plaintiffs' Appellate Brief and Appendix that have **nothing to do** with Montclair's Motion to

Dismiss granted below, the only subject on appeal, and **only to do** with Plaintiff's separately denied Cross-Motion for Summary Judgment, which is not before this Court. Plaintiffs' Cross-Motion for Summary Judgment was improper at the time it was filed and was appropriately dispensed with by the District Court sua sponte without the need (or request) for formal briefing. Plaintiffs' Cross-Motion should never have been filed in the first place, and were this Court to allow Plaintiffs to include it as part of the record of the Motion to Dismiss, and cite to it in their Appellate Brief, it would (1) negate the District Court's November 2025 order denying the Cross-Motion (which was not appealed), and (2) fundamentally change the nature of the dismissal order (and applicable legal standard) that is the subject of this appeal. It is well-established that "[t]o survive a motion to dismiss, a complaint must…'state a claim to relief that is plausible **on its face**.'" Ashcroft v. Iqbal ("Iqbal"), 556 U.S. 662, 678 (2009) (internal citations omitted; emphases added). In other words, courts cannot consider extrinsic declarations like the ones improperly filed by Plaintiffs. Plaintiffs' inclusion in the Appendix of their declarations and brief filed in support of their improper Cross-Motion for Summary Judgment is nothing more than Plaintiffs' attempt to subvert the fundamental nature and standard of Montclair's Motion to Dismiss.

Plaintiffs also claim that Montclair's motion to strike is based on its belief that "this Court's review is limited to the documents contained in the appendix and

that by 'striking them from the appendix, Montclair will prevent this Court from reviewing them." Plaintiffs' Response at p. 4. This is a red herring. Montclair's motion is based on the simple facts that certain rules exist regarding the contents of an appendix and what arguments may be presented in an appellant's brief and that Plaintiffs have violated those rules.

### *II. Portions of the Appendix Should be Stricken*

With respect to the Appendix, Plaintiffs' principal argument is that any violation regarding the contents of the Appendix should be overlooked or disregarded because, after all, "[t]he Court is always free to look at any documents in the trial court" anyway. See Plaintiffs' Response at 4-5. In other words, Plaintiffs argue they should not have to comply with this Court's most basic rules and principals because the Court could, if it wanted, access the entire district court docket.[1] This argument undermines the entire purpose behind having an appendix and would render everything submitted below part of the appendix, which simply is not the case and would encumber all appeals.

Further, in this case, Plaintiffs' improper filings have created a appendix that does not accurately reflect the record for the issue on appeal concerning the one

[1] Notably, Plaintiffs contradict themselves only 2 pages later by asserting: "Although all of the record is 'available' to the court on appeal, unless there is some special circumstance nothing will be noticed that does not appear in the appendix of the appellant or the appellee." Plaintiffs' Response at 7 (citing Marcinak v. W. Indies Inv. Co., 299 F.2d 821, 823 (3d Cir. 1962)).

decision on appeal. As noted, motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are considered and decided based on the allegations contained within four corners of the complaint. See Snyder v. Baxter Healthcare, Inc., 393 F. App'x 905 (3d Cir. 2010). Crucially, Plaintiffs were precluded (by separate order) in the court below from relying on their declarations and brief submitted in support of their application for Summary Judgment when opposing Montclair's Motion to Dismiss and subsequently were ordered to submit a new and proper opposition to the Motion to Dismiss, which they did. In this appeal, Plaintiffs have only appealed the District Court's decision on the Motion to Dismiss and should similarly be precluded from relying on their declarations and brief in support of their separately denied and unchallenged application for Summary Judgment. In short, Plaintiffs improperly ask this Court to consider their one-sided Summary Judgment submission (without requisite discovery) that was not considered by the District Court in decided the only order on appeal. That was not the standard or record on the decision below, nor is it the standard or appendix on this appeal.

Next, Plaintiffs argue that Montclair is not prejudiced by Plaintiffs' inclusions in the Appendix because Plaintiffs are the ones that have to pay for it. See Plaintiffs' Response at p. 5. This obviously is not the standard as it would allow any party to include anything in the Appendix on appeal as long as they pay for it. Further, Montclair does have an interest in the record on appeal beyond who is

responsible for paying for it. Plaintiffs' improper inclusions in their Appendix and improper arguments in their Appellate Brief unjustly expand the scope of the appeal and require Montclair to dedicate portions of its limited appellate brief (subject to page number and word count limits) to respond to same. Montclair should not be required to expend the already limited space in its appellate brief, as well as municipal resources, responding to documents and arguments that were not properly before the district court and not relevant to the only subject on appeal, Montclair's pre-answer Motion to Dismiss.

Plaintiffs further aver that they are "mandate[d]" to include in the Appendix what they have because "it is the 'Appellant's Responsibility' to prepare and file the appendix, which 'must' contain 'the relevant portions of the pleadings, charge, finding, or opinion…and…other parts of the record to which the parties wish to direct the court's attention.'" Plaintiffs' Response at 6. Contrary to this contention, the portions of the Appendix related to Plaintiffs' improper application for Summary Judgment are neither relevant to the Motion to Dismiss, nor merit the court's attention. As detailed above, any such attention by this Court necessarily undermines the fundamentally limited review of a motion to dismiss, which definitionally cannot include Plaintiffs' Summary Judgment declarations or brief.

Plaintiffs similarly imply that their "failure to include [their Summary Judgment application] in the appendix risks dismissal." Id. at 7. Plaintiffs conflate

the premise that a "failure to include relevant portions of the trial record in the appendix risks dismissal," with justification for including documents that were not properly part of the record in the Court below and are not relevant to the sole decision on appeal. Notably, the case cited by Plaintiffs (United States v. Claxton, 766 F.3d 280 (3d Cir. 2014) has no identifiable nexus whatsoever to the facts or issues of this matter. Claxton was an appeal from a criminal conviction in which the Third Circuit affirmed the lower court's decision for a number of reasons, none of which had to do with appellant's otherwise deficient appendix.

While Plaintiffs seek to claim that their Summary Judgment filings in the lower court are "relevant," they misapply the term "relevant" as meaning relevant to their otherwise improper Appellate Brief. Specifically, Plaintiffs argue that "'relevancy' is determined by arguments made in the opening brief…[Plaintiffs] included in the joint appendix only those documents it cited in its brief and considered relevant to its arguments." Plaintiffs' Response at pp. 7-8. This, however, misses the point. Appellants' Brief, Argument Section II is itself irrelevant to the District Court's granting of Montclair's Motion to Dismiss and, therefore, is improperly before the Court. The operative question is whether Plaintiffs' summary judgment filings are relevant to the issue on appeal (i.e., the District Corut's granting of pre-answer Montclair's Motion to Dismiss); to which the answer is, No.

Notably, nowhere in Plaintiffs' Response do Plaintiffs argue that the portions of the Appendix requested to be stricken are relevant to the only and limited decision on appeal. As mentioned in Montclair's initial moving papers, neither party cites to any of the documents herein requested to be stricken **in their Motion to Dismiss briefing** that was before the District Court when issuing the order on appeal. Moreover, **all** of Plaintiffs references to the documents herein requested to be stricken are **only** in connection with their improper attempt to revive their Cross-Motion (i.e., Plaintiffs' Appellate Brief, Argument Section II). To reiterate, the District Court's November 21, 2025 order denying Plaintiffs' improper Cross-Motion was not timely appealed. See JA1-2.

Plaintiffs falsely assert: "Montclair primarily argues that the district court correctly denied the [Cross-Motion for Summary Judgment] and that it is therefore not relevant or part of the record." Plaintiffs' Response at p. 9. To the contrary, Montclair clearly argues that the District Court's decision denying Plaintiffs' Cross-Motion for Summary Judgment was not appealed and not part of the record, nor relevant to, the District Court's order granting Montclair's pre-answer Motion to Dismiss, which was not based thereon. Further, as discussed, the decision on appeal is limited to considering matters within the four corners of the Amended Complaint.

Plaintiffs have no response to the fact that the Discovery Scheduling Order (Feb. 11, 2026) (JA285-286) is not being appealed and also is completely irrelevant

to the Motion to Dismiss and therefore should be stricken from the Appendix. Obviously, such an order is irrelevant to a pre-answer Motion to Dismiss.

Lastly, Plaintiffs' Response fails to justify the inclusion of swaths of Plaintiffs' lower court briefs in the Appendix. First, Plaintiffs claim: "The only two excerpts included in the joint appendix are pages necessary to prove Gaia Gardens's claim that it consistently and repeatedly made an argument the district court failed to address." Plaintiffs' Response at p. 10. Even if the foregoing were true (which it is not), it is not an exception to the rule barring briefs from the lower court, much less sufficient reason to include **23 pages** of same in the Appendix. See JA244-256 and JA273-284. To reiterate, nothing is precluding Plaintiffs from seeking to reassert their foregoing argument on appeal, and there is no need to include any portion of the brief below to do so.

Plaintiffs inclusion of their district court briefs in the Appendix without sufficient justification are clear violations of Fed. R. App. P. 30(a)(2) and 3d Cir. L.A.R. 30.3(a) and nothing more than an attempt to supplement their already 55-page brief with an additional 23 pages of legal argument. As such, the same should be stricken.

### ***III. Plaintiffs' Appellate Brief, Argument Section II Should Be Stricken***

Plaintiffs' arguments against striking Argument Section II, through which they seek to revive their Summary Judgment application, are incoherent. First,

Plaintiff's assertion, that "whether an argument lies within the scope of the appeal is determined by the opening brief and [Plaintiffs]" (Plaintiffs' Response at 11), is obviously false. By Plaintiffs' logic, Fed. R. App. P. 3(c)(1)(B) ("[t]he notice of appeal must:…designate the judgment, order, or part thereof being appealed.") would have no effect; nor would Fed. R. App. P. 4, which requires a notice of appeal to be filed "within 30 days after entry of the judgment or order appealed from." The scope of the appeal is axiomatically determined by a timely filed Notice of the Appeal, not whatever Appellant feels like including in their brief months later.

Second, Plaintiffs argue that "the declarations submitted with the cross-motion for summary judgment are not 'outside the record…[because] [t]hey are available on the district court docket and could have been considered had the district court agreed with [Plaintiffs] that the Ordinance is preempted." Plaintiffs' Response at pp. 11-12. This statement is also obviously false. As previously explained, the Court's consideration on a motion to dismiss is necessarily limited to the Complaint. See Iqbal at 678. Accordingly, the district court ***could not*** have considered the declarations on the Motion to Dismiss, which it also did not in granting Montclair's pre-answer Motion to Dismiss based on the allegations in the Amended Complaint.

Third, Plaintiffs assert that "whether such relief [referring to summary judgment] is premature is an argument on the merits that belongs in Montclair's brief, not a motion to strike." Plaintiffs' Response at p. 12. This is incorrect. The

merits (or lack thereof) of Plaintiffs' application for summary judgment are **not** the subject of this appeal. Plaintiff's Notice of Appeal is limited to the District Court's granting of Montclair's pre-answer Motion to Dismiss (see JA1). The District Court's November 21, 2025 order denying Plaintiffs' improper Cross-Motion was not timely appealed, and Montclair should not be made to expend its municipal resources to respond to an otherwise untimely argument on appeal.

## *IV. Plaintiffs Cite to an Amicus Brief That Is Also Not in the Record*

Plaintiffs' Appellate Brief also violates the Federal Rules of Appellate Procedure by virtue of its multiple citations and references to an amicus brief ("Amicus Brief") filed with the Third Circuit in connection with Plaintiffs' unsuccessful November 2023 appeal of the district court's denial of preliminary injunctive relief. See Plaintiffs' Appellate Brief at pp. 7, 8, 22, and 39. The Amicus Brief was **never** before the District Court in any context and cannot be cited or relied on in this appeal. Accordingly, all references and/or citations to the Amicus Brief should also be stricken.

For the reasons set forth above, Montclair respectfully requests that this Court grant Montclair's Motion to Strike.

Respectfully submitted,

**Riker Danzig LLP**
*Attorneys for Defendant/Appellee*

Dated: October 14, 2026

By: */s/ Derrick R. Freijomil*
Derrick R. Freijomil, Esq.

4928-8909-5383, v. 3